# UNITED STATES COURT OF APPEALS FOR THE SECOND CIRCUIT

Thurgood Marshall U.S. Courthouse 40 Foley Square, New York, NY 10007 Telephone: 212-857-8500

## MOTION INFORMATION STATEMENT

**Docket Number(s):** 2020-0404-cv

**Caption [use short title]**

**Motion for:** Leave to participate in oral argument

Set forth below precise, complete statement of relief sought:

Court-appointed amicus counsel seeks the Court's permission to participate in oral argument, as further explained in the attached affidavit. As further explained in that affidavit, this motion is not opposed by Defendant-Appellant but may be partially opposed by Plaintiff-Appellee.

Santander Bank, N.A. v. Angela Harrison

**MOVING PARTY:** Appointed Amicus Curiae

**OPPOSING PARTY:** Plaintiff-Appellee Santander Bank (see attached)

☐ Plaintiff ☐ Defendant
☐ Appellant/Petitioner ☐ Appellee/Respondent

**MOVING ATTORNEY:** Adrienne B. Koch

**OPPOSING ATTORNEY:** Geoffrey Milne

[name of attorney, with firm, address, phone number and e-mail]

Katsky Korins LLP
605 Third Avenue, New York, NY 10158
(212) 953-6000; akoch@katskykorins.com

McCalla Raymer Leibert Pierce, LLC
50 Weston Street, Hartford, CT 06120
(860) 240-9140; geoffrey.milne@mccalla.com

**Court- Judge/ Agency appealed from:** U.S. District Court, District of Connecticut/Hon. Alfred V. Covello

**Please check appropriate boxes:**

Has movant notified opposing counsel (required by Local Rule 27.1):
☑ Yes ☐ No (explain): Please see attached affidavit, which explains conferral and party positions.

Opposing counsel's position on motion:
☐ Unopposed ☑ Opposed ☐ Don't Know

Does opposing counsel intend to file a response:
☐ Yes ☐ No ☑ Don't Know

**FOR EMERGENCY MOTIONS, MOTIONS FOR STAYS AND INJUCTIONS PENDING APPEAL:**
Has this request for relief been made below? ☐ Yes ☐ No
Has this relief been previously sought in this court? ☐ Yes ☐ No
Requested return date and explanation of emergency:

Is oral argument on motion requested? ☐ Yes ☑ No (requests for oral argument will not necessarily be granted)

Has argument date of appeal been set? ☐ Yes ☑ No If yes, enter date:

**Signature of Moving Attorney:**
/s/ Adrienne B. Koch  Date: March 15, 2021  Service by: ☑ CM/ECF ☐ Other [Attach proof of service]

Form T-1080 (rev.12-13)

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

---------------------------------------------------x
SANTANDER BANK, N.A.,

        Plaintiff-Appellee,        Docket No. 20-0404-cv

    v.

ANGELA HARRISON,

        Defendant-Appellant.
---------------------------------------------------x

### AFFIDAVIT OF ADRIENNE B. KOCH, APPOINTED AMICUS CURIAE, IN SUPPORT OF MOTION TO PARTICIPATE IN ORAL ARGUMENT

STATE OF NEW YORK    )
                              :   ss.:
COUNTY OF NEW YORK  )

    ADRIENNE B. KOCH, being duly sworn, deposes and says:

    1.    I am the court-appointed amicus curiae in the above-captioned appeal. I make this affidavit, based on personal knowledge, in support of my motion for leave to participate in oral argument. In support of this motion – which I understand is partially opposed, as set forth below in paragraph 5 – I state as follows.

    2.    By Order dated May 28, 2020, this Court "determined sua sponte that amicus curiae should brief the issue of whether federal or state law governs this dispute" and directed "that counsel from this Court's pro bono panel be appointed as amicus counsel." (*See* Doc.36). By Order dated July 7, 2020, this Court

appointed me as amicus counsel to "file a brief as provided by this Court's May 28, 2020 order." (*See* Doc.62).

3. In accordance with those orders (and following the resolution of a motion by Plaintiff-Appellee that tolled the briefing schedule), my brief was filed with this Court on November 5, 2020. (*See* Doc.114). Plaintiff-Appellee's brief was thereafter filed on December 18, 2020. (*See* Doc.131).

4. At the Court's request, my brief addresses the question of whether federal or state law governs with respect to several key issues on this appeal. Plaintiff-Appellee has responded to that analysis in its brief, and takes a different view. Those briefs are the only ones before the Court on this appeal that address this question. As a result, I respectfully suggest that, should the Court wish to address this question at oral argument, my participation would be of assistance.

5. After the parties filed Oral Argument Statements requesting oral argument, I contacted Defendant-Appellant *pro se* and counsel for Plaintiff-Appellee to inquire as to their positions on this motion. By email dated March 6, 2021, Defendant-Appellant *pro se* responded that she does not object to the motion and in fact supports it. By email dated March 14, 2021, counsel for Plaintiff-Appellee advised as follows:

> We have no objection to your participation in oral argument provided it is confined to the terms of the brief you have filed. To the extent that you wish to raise or cite new cases or different arguments that are not contained in your brief, we are asking that such case law be

2

provided at least 2 weeks prior to oral argument. Otherwise, the oral argument would appear to be a "reply brief", for which we have had no prior notice or ability to review. Finally, my understanding is that the oral argument is limited to the issue of whether state or federal law applies to this case.

We are not waiving any rights to argue that new cases or material arguments should be in the form of a reply brief.

6. As court-appointed amicus counsel in support of neither party, I would have no intention to blind-side anyone at oral argument. But although I certainly would not expect or intend to present oral argument with respect to matters other than those relating to whether federal or state law governs, I believe it would best assist the Court if I were free at oral argument to address any issues that arise with respect to such matters, including by way of response to Plaintiff-Appellee's arguments and/or to questions raised by the Court. I am prepared to let Defendant-Appellant *pro se* and counsel for Plaintiff-Appellee know in advance if I intend at oral argument to rely on any case law that is not cited in any of the briefs, and will endeavor to do so as far in advance of oral argument as practicable. I respectfully submit, however, that in the (unlikely) event that relevant case law that is not cited in any of the briefs comes to my attention less than two weeks before oral argument, I should not be precluded from bringing it to the Court's attention. I therefore responded that I could not agree to the limits that I understood counsel to be suggesting, but that I would make his position known to the Court.

3

7. As the Oral Argument Statement that will be filed herewith indicates, I do not have any dates of unavailability between April 2 and August 13, 2021 (that is, between 6 and 20 weeks after Defendant-Appellant filed her Oral Argument Statement on February 26, 2021) except April 8, April 15, May 3, and July 29, 2021. In particular, I do not have any dates of unavailability during the week of May 10, which I see is when the Court proposes to calendar this case. (*See* Doc.137).

8. For the foregoing reasons, I respectfully request that the Court grant my motion to participate in oral argument.

Adrienne B. Koch

Sworn to before me this
15th day of March, 2021

Notary Public

CRAIG J. ALBERT
Notary Public, State of New York
No. 02AL6076465
Qualified in New York County
Commission Expires June 24, 2022

4